UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LAURENCIO & ASSOCIATES, LLC
(A/A/O LIDO BAY MANOR
ASSOCIATION, INC.),

    Plaintiff,

vs.

Case No. _____.

CHUBB CUSTOM INSURANCE
COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Chubb Custom Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. sections 1332 and 1441(a), removes an action pending in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade County, styled Laurencio & Associates, LLC (A/A/O Lido Bay Manor Association, Inc.) v. Chubb Custom Insurance Company, Case No. 2019-013519-CA-01, where Plaintiff Laurencio & Associates, LLC (A/A/O Lido Bay Manor Association, Inc.) ("Laurencio") sued Chubb Custom Insurance Company ("Chubb"), and states:

### TIMELY NOTICE OF REMOVAL

1. Laurencio sued Chubb in Miami-Dade County Circuit Court for breach of contract arising from an alleged loss to the insured property.

2. On June 7, 2019, the State of Florida Department of Financial Services served Chubb with the Complaint by electronic delivery to Donna Moch, the designated

agent for Chubb.[1]

3.  This Notice of Removal is filed timely within 30 days of Chubb's receipt through service of a copy of the initial pleading setting forth a claim for relief, pursuant to 28 U.S.C. section 1446(b).

## **VENUE**

4.  Venue is proper in the United States District Court for the Southern District of Florida, Miami Division, because the state court action originated in Miami-Dade County, Florida.

## **JURISDICTION**

5.  This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. section 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. Chubb is entitled to remove this action, pursuant to 28 U.S.C. section 1441.

## **COMPLETE DIVERSITY EXISTS**

6.  At the time of the lawsuit and the filing of this Notice of Removal, there was, and still is, complete diversity between Laurencio (a citizen of Florida) and Chubb (not a citizen of Florida).

7.  Chubb is not a citizen of Florida.  It is not incorporated under the laws of Florida and does not have its principal place of business in Florida. Chubb is a corporation organized under the laws of New Jersey, and its principal place of business is in Whitehouse Station, New Jersey. Accordingly, Chubb is a citizen of New Jersey for

---

[1] Exhibit A, Summons and Complaint. The heading of Laurencio's Complaint incorrectly states 20th Judicial Circuit for Miami-Dade County, Florida.

purposes of determining diversity under 28 U.S.C. section 1332(c)(1).

8. Laurencio is a citizen of Florida. Laurencio is a Florida Limited Liability Company. The Articles of Organization list Laurencio's principal office in Hollywood, Florida. But Laurencio's current principal place of business is in Coral Springs, Florida. The Articles of Organization filed on November 12, 2014 list Waldo Laurencio Jr. as Laurencio's managing member. Laurencio's Annual Reports from 2015 through 2019 list Waldo Laurencio Jr. as managing member with an address in Hollywood, Florida in 2015, 2016, and 2017, and an address in Coral Springs, Florida in 2018 and 2019. Each address listed on the Annual Reports for Waldo Laurencio Jr. is in Florida.[2] Waldo Laurencio Jr.—Laurencio's member—is a Florida citizen. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) (holding that a limited liability company is a citizen of any state of which a member of the company is a citizen). Therefore, Laurencio is a Florida citizen for purposes of diversity jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. Chubb issued an insurance policy (the "Policy") to its Named Insured, Lido Bay Manor Association, Inc. ("Lido Bay").[3]

10. The Policy has a $5,000 deductible.

11. Laurencio presented a claim to Chubb for water mitigation services related to an alleged loss to the insured property on June 9, 2018.

12. On June 23, 2018, Lido Bay entered into an assignment of benefits with

---

[2] Exhibit B. Articles of Organization (2014) and Annual Reports (2015-2019). These filings and reports are official state documents from the Florida Department of State, Division of Corporations.
[3] Exhibit C. Lido Bay Manor Association, Inc. is a Florida Not For Profit Corporation incorporated under the laws of Florida with a principal place of business in Miami, Florida.

Laurencio related to water mitigation services for the loss. Lido Bay assigned any and all insurance rights, benefits, and proceeds under the Policy to Laurencio for services rendered, and authorized direct payment of any benefits or proceeds to Laurencio.[4]

13. Laurencio gave Chubb invoices that total $259,983.20 for water mitigation services related to the loss.[5]

14. Chubb has not paid Laurencio anything for the claim.

15. The amount in controversy between Laurencio and Chubb exceeds the $75,000 amount in controversy requirement for diversity jurisdiction, exclusive of interest and costs. The amount in controversy for indemnity insurance benefits is $254,983.20.[6]

## COMPLIANCE WITH 28 U.S.C. § 1446

16. Chubb files copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. section 1446, and the Local Rules of this Court.[7]

17. Pursuant to 28 U.S.C. section 1446(d), Chubb provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Attached to this notice is a copy of all process, pleadings, and orders served upon Chubb, as required by 28 U.S.C. section 1446(a).[8]

---

[4] Exhibit D.
[5] Exhibit E.
[6] This amount is calculated based on Laurencio's claim of $259,983.20 minus the Policy's $5,000 deductible.
[7] *See* Local Rule 7.2.
[8] Exhibit A.

WHEREFORE, Defendant Chubb Custom Insurance Company respectfully requests that this Court exercise jurisdiction over this matter.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Hudson Jones
J. PABLO CÁCERES, ESQ.
Florida Bar No.: 131229
pcaceres@butler.legal
PAUL HUDSON JONES II, ESQ.
Florida Bar No.: 44290
hjones@butler.legal
Secondary: jfan@butler.legal; mmaira@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

Margaret E. Garner, Esq.
Dustin A. Hite, Esq.
Kanner & Pintaluga, P.A.
925 South Federal Highway, Sixth Floor
Boca Raton, FL 33432
mgarner@kpattorney.com; mvidal@kpattorney.com;
firstpartyeservice@kpattorney.com
Attorneys For: Plaintiff

by Electronic Service on July 3, 2019.

s/ Hudson Jones
PAUL HUDSON JONES II, ESQ.
